Roxanne H. FOX *v.* Glen E. FOX

7 S.W.3d 339

Court of Appeals of Arkansas ·
Division II
Opinion delivered December 15, 1999

*Kinard, Crane & Butler, P.A.*, by: *Mike Kinard*, for appellant.

No response.

SAM BIRD, Judge. Appellant Roxanne Fox brings this appeal stating that the trial court erred in holding that it did not have subject-matter jurisdiction to hear matters pertaining to alimony and child support and in finding that appellee Glen Fox has a valid and enforceable money judgment against appellant. We affirm.

Roxanne Fox and Glen Fox were married in 1990 and made their home in Louisiana. A child was born to them in 1993. In

1996, the parties were divorced by order of the District Court of St. John the Baptist Parish, Louisiana. The parties were given joint custody of the child; appellant was awarded physical custody subject to appellee's visitation. The Louisiana judge allocated the parties' assets, and the order stated, in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that Roxanne H. Fox is hereby allocated the following assets in her possession valued at $17,285.00:
>
> ....
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Glenn Fox is hereby allocated the following assets in his possession valued at $124,517.32:
>
> ....
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Glen Fox is hereby allocated the mortgage on the family home valued at $70,748.24.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Roxanne Fox owes Glenn Fox a reimbursement for the payment of community debts with his separate money which reimbursement is limited to one-half of net estate of the community or one-half of $71,000.00.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Roxanne Fox owes Glenn Fox $35,500.00 cash for reimbursement of payment of community debts.

The judge also denied appellant's request for alimony.

In August 1996, appellant and the child moved to Columbia County, Arkansas, and, at some point, appellee moved to Texas. In March 1998, appellant filed a complaint in the Columbia County Chancery Court for modification of the Louisiana custody and visitation order pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), found at Ark. Code Ann. §§ 9-13-201—9-13-228 (Repl. 1998). In his answer, appellee admitted that he was a resident of Texas and that jurisdiction of this custody modification proceeding was in Arkansas. He denied that appellant should have sole custody of the child and affirmatively requested that the Louisi-

ana custody order be modified to increase his access to the child and to more specifically define the rights of the parties.

In May 1998, appellant filed a motion to enjoin appellee's enforcement in Arkansas of the Louisiana court's December 17, 1996, judgment allocating the parties' property and purporting to award a $35,500 judgment to appellee.

Appellant argued that this judgment was "self-satisfying" and stated: "The unequal distribution of the community property ... was undertaken by the Court so that the sums adjudged to be due by [appellant] to [appellee] would be satisfied immediately because of the transfer of an unequal share of the property to [appellee] as his distribution of the assets of the marriage." Thus, appellant argued, she owed appellee nothing under the judgment. She asked the chancellor to order appellee to file a satisfaction of judgment in Columbia County, Arkansas, and in St. John the Baptist Parish, Louisiana.

Appellant filed an amended complaint in July 1998, alleging a change in circumstances and asking for an increase in child support and an award of alimony. Appellee denied that the requested relief was warranted and raised the affirmative defense of *res judicata* as to the claim for alimony.

A hearing was held on September 9, 1998, and, after presentation of appellant's case, the judge granted appellee's motion for directed verdict on the issue of modification. The chancellor then entered an order finding that, under the UCCJA, the Arkansas court has subject-matter jurisdiction of the issues of custody, visitation, child support, and "related issues." He modified the Louisiana order as to appellee's visitation rights and increased his child-support obligation. The issues of alimony and enjoinment of the judgment were reserved for decision after the parties had submitted briefs.

In his posttrial brief, appellee conceded the Arkansas court's jurisdiction to hear the custody and visitation claims under the UCCJA but argued that it lacked subject-matter jurisdiction to entertain appellant's claims for alimony and an increase in child support. According to appellee, the UCCJA is limited to child-custody and visitation issues and expressly excludes determinations involving child support or other monetary obligations. Appellee

also argued that, under the Uniform Interstate Family Support Act (UIFSA), Ark. Code Ann. §§ 9-17-101—9-17-905 (Repl. 1998), the Arkansas court does not have jurisdiction to modify the Louisiana order as to alimony. Appellee noted that Louisiana has also enacted UIFSA and has continuing, exclusive jurisdiction of the spousal-support issue.

Appellee filed a motion to set aside the order modifying child support on the ground that the Arkansas court is without authority to modify a foreign child-support order under the UCCJA. He argued that, although UIFSA can confer jurisdictional authority upon Arkansas courts to modify child-support orders of other states, even under UIFSA the Arkansas court was without jurisdiction to modify this Louisiana child-support order. Appellee asserted that, under UIFSA, before a child-support order of another state can be modified by a court of this state, the order must first be registered pursuant to the procedures set forth in the statute; this, appellant did not do. Further, appellee argued, even if appellant had registered the Louisiana child-support order, this state would not have jurisdiction to modify it because appellant is a resident of Arkansas and all of the parties had not filed written consent to this state's court assuming continuing, exclusive jurisdiction over the order. See Ark. Code Ann. § 9-17-611 (Repl. 1998).

In response, appellant argued that when appellee asked that the Louisiana custody order be modified, jurisdiction for all purposes attached. Appellant did not dispute appellee's interpretation of the UIFSA provisions, but argued that this case is different because it began under the UCCJA, which confers jurisdiction on the Arkansas court. According to appellant, when the Arkansas chancery court acquired subject-matter jurisdiction of the custody issue pursuant to the UCCJA, under the "clean-up doctrine," it acquired subject-matter jurisdiction of all other issues pending between the parties.

The chancellor entered an order finding that he had exceeded his authority in modifying the child-support order because the UCCJA does not confer jurisdiction to decide issues of child support or any other monetary obligations. As for appellant's clean-up doctrine argument, he stated: "The parties are before this Court under a special uniform jurisdiction act. No other subject-matter jurisdiction attaches except that which is specifically authorized

pursuant to the UCCJA." He also found that the court did not have subject-matter jurisdiction to address the issue of spousal support and noted that appellant's only recourse is to return to the state of Louisiana for redress. Regarding appellant's attempt to enjoin the registration of the Louisiana judgment, he stated:

> While this Court is without the benefit of the thinking and ratio- nale the Louisiana court utilized to arrive at its judgment, what is clear is that the Louisiana judgment is unambiguous. In fact, it leaves any reasonable person who reads same with a clear impres- sion that [appellant] owes [appellee] $35,500.00, cash, for reim- bursement of payment of community debts.
>
> The Court would submit to you that the Louisiana judgment speaks for itself. There is no indication from this judgment that it is, in any way, self-satisfying. Accordingly, the Court declines to enjoin the execution of this judgment.

Appellant argues on appeal that the chancery court erred in finding that it lacked subject-matter jurisdiction to decide the child-support and alimony issues and that it misinterpreted the Louisiana order awarding judgment to appellee.

■ The stated purposes of the UCCJA are to avoid jurisdic- tional conflict with courts of different states, to promote coopera- tion between courts so that the custody decree is rendered by the state that can best decide the case, to discourage continuing contro- versies over child custody, to deter abductions, and to avoid re- litigation of custody decisions. *Garrett v. Garrett*, 292 Ark. 584, 732 S.W.2d 127 (1987). The statute's basic jurisdictional concept is that the child's home state should have preeminent authority to deter- mine custody and visitation and that authority should be respected elsewhere. *Bruner v. Tadlock*, 338 Ark. 34, 991 S.W.2d 600 (1999). *See also Elam v. Elam*, 39 Ark. App. 1, 832 S.W.2d 508 (1992).

■ Clearly, under the UCCJA, the Arkansas court does not have jurisdiction of the child-support or alimony issues. The UCCJA is solely for custody disputes between residents of different states and does not confer jurisdiction on the chancery court to enter an order for support of minor children absent a divorce proceeding. *Amos v. Amos*, 282 Ark. 532, 669 S.W.2d 200 (1984). Further, Ark. Code Ann. § 9-13-202(2) (Repl. 1998) defines the term "custody determination" as "a court decision and court orders and instructions providing for the custody of a child, including

visitation rights. It does not include a decision relating to child support or any other monetary obligation of any person ...."

Appellant argues that, under the clean-up doctrine, the Arkansas court had jurisdiction to decide the issues of child support and alimony after it properly acquired jurisdiction of the custody and visitation issues. Pursuant to the clean-up doctrine, a court of chancery or equity may obtain jurisdiction over matters not normally within its purview. *Douthitt v. Douthitt,* 326 Ark. 372, 930 S.W.2d 371 (1996). Under the clean-up doctrine, the chancery court, having acquired jurisdiction for equitable purposes, may retain all claims in an action and grant all relief, legal or equitable, to which the parties in the lawsuit are entitled. *Bright v. Gass,* 38 Ark. App. 71, 831 S.W.2d 149 (1992). Unless equity is wholly incompetent to grant the relief sought, objection to its jurisdiction is waived if no motion to transfer to law is made, *id.,* and questions of the adequacy of the remedy at law are waived when raised for the first time on appeal. *Crittenden County, Arkansas v. Williford,* 283 Ark. 289, 675 S.W.2d 631 (1984). It is well settled that, when a court of equity acquires jurisdiction for one purpose, it retains jurisdiction for all purposes, provided the original object of the suit is clearly within equity's jurisdiction and there is no adequate remedy at law. *Priest v. Polk,* 322 Ark. 673, 912 S.W.2d 902 (1995).

There is no question that, in Arkansas, issues of child support and alimony must be heard in chancery. However, the clean-up doctrine is concerned with the power of a court of equity to decide legal questions; it has no application to the question of whether the courts of this state have the power to modify the orders of foreign courts. If no Arkansas court has the power to modify a foreign court's order, it is irrelevant whether the issues sound in equity or in law. Therefore, we agree with the chancellor that the chancery court did not have jurisdiction to hear the child-support and alimony issues.

Appellant also argues that the chancellor misconstrued the Louisiana decision giving judgment to appellee and that he should have enjoined its registration in Arkansas. As a general rule, judgments are construed like any other instrument; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. *Magness v. McEntire,* 305 Ark. 503, 808 S.W.2d 783 (1991). In interpreting a lower court's order, the

court looks to the language in which the order is couched and whether the evidence supports the ruling. *Id.* From our review of the language of the judgment, we cannot say that the chancellor misconstrued the Louisiana order.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.