

Cite as 2013 Ark. App. 746

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–426

|  |  |  |
|---|---|---|
| | | **OPINION DELIVERED** DECEMBER 18, 2013 |
| PEARL JENKINS | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CV-08-9799] |
| V. | | |
| | | HONORABLE JAY MOODY, JUDGE |
| APS INSURANCE, LLC | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

This case returns after we dismissed an earlier appeal for lack of a final order. *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368. In this appeal, Pearl Jenkins challenges the judgment of the Pulaski County Circuit Court entered on a jury's verdict finding that she misappropriated trade secrets and that awarded compensatory and punitive damages to APS Insurance, LLC. Jenkins raises five points, arguing that the tort claims brought by APS were preempted by the Arkansas Trade Secrets Act and that the damage awards were not supported by the evidence, were contrary to the law, and were excessive. We affirm.

In 2003, David Donley joined Steve Perry to form APS Insurance. APS also offered payroll and tax–preparation services. Jenkins, a mutual friend of both Donley and Perry, was hired to be APS's customer service representative. On Friday, June 13, 2008, Donley removed files and software from APS's office, and formed his own firm, Donley & Associates Insurance, LLC (D&A). Donley also had Jenkins email him the list of all of APS's clients and then delete

the list from APS's computer. When Perry returned to work the following Monday, he discovered the missing and the deleted files and was notified that Donley had established D&A and that Jenkins had left APS's employment to join D&A.

On August 28, 2008, APS sued Donley for injunctive relief and other damages. APS later amended its complaint to add Jenkins and D&A as defendants. In its complaint, APS asserted claims for violation of the Theft of Trade Secrets Act;[1] computer fraud and computer trespass;[2] breach of fiduciary duty against Donley and Jenkins; conversion; trespass on the case; violation of the Deceptive Trade Practices Act against Donley and D&A; tortious interference with contractual relations and business expectancies; and civil conspiracy. It also requested an accounting, that a constructive trust and/or equitable lien be imposed against all defendants, and reserved the right to plead further. Separate answers were filed by Donley and D&A and by Jenkins. In her answer, Jenkins asserted that APS's exclusive remedy was the cause of action under the Trade Secrets Act.

Jenkins filed two identical counterclaims against APS and Perry, asserting claims for abuse of process, malicious prosecution, and outrage. She nonsuited the first counterclaim and the second was stricken as being filed in violation of the court's scheduling order.

After David Donley, individually, filed for bankruptcy protection, the case against Jenkins and D&A proceeded to trial before a jury. After APS rested its case, it withdrew its claims for breach of fiduciary duty against Jenkins and Donley, its trespass claim, and its claim

[1]Ark. Code Ann. §§ 4-75-601 to -607 (Repl. 2011).

[2]Ark. Code Ann. §§ 5-41-103 to -106 (Repl. 2006).

2

under the Deceptive Trade Practices Act against D&A. In a verdict signed by ten jurors, APS was awarded $29,066.22 in actual damages and punitive damages of $15,000 against Jenkins.[3]

The judgment entered on the jury's verdict noted that the issues against Donley could not be tried because of a pending bankruptcy, and that APS had reserved its rights to proceed against Donley "consistent with further orders and proceedings of the United States Bankruptcy Court." The judgment did not address APS's claims for equitable relief, i.e. accounting and imposition of a constructive trust or equitable lien. It also did not formally dismiss the claims APS withdrew during trial.

After the circuit court denied Jenkins's posttrial motion, Jenkins attempted to appeal from the judgment. We dismissed the appeal for lack of a final order. *Jenkins*, *supra*. We also pointed out several deficiencies with both the briefs and the record. *Id.*

Following remand, Jenkins filed a motion seeking to have the circuit court certify the judgment as final pursuant to Arkansas Rule of Civil Procedure 54(b). APS opposed the motion, pointing out that its claims for injunctive and equitable relief were still pending.

David Donley entered into a consent judgment in favor of APS in the amount of $150,062.98. This order stated that APS agreed to forbear enforcement of the consent judgment in accordance with the parties' settlement agreement. Jenkins filed a timely notice of appeal from this order.

After a hearing on the pending motions, the circuit court entered an order granting injunctive relief against Jenkins. The court also ordered Jenkins to file an accounting of all

---

[3]The jury unanimously awarded actual damages of $50,062.98 and punitive damages of $100,000 against D&A.

transactions between Donley, D&A, and Jenkins and all former APS clients. The court further imposed a constructive trust and equitable lien against Jenkins and any property or funds she received through transactions with former APS clients. The court further ruled that all other causes of action and relief sought by APS had merged into the judgment previously entered. Jenkins's request for Rule 54(b) certification was denied as moot.[4] This appeal followed.

Our standard of review of the denial of either a motion for directed verdict or a motion for judgment notwithstanding the verdict is whether the jury's verdict is supported by substantial evidence. *ConAgra Foods, Inc. v. Draper*, 372 Ark. 361, 276 S.W.3d 244 (2008). We will reverse only if there is no substantial evidence to support the jury's verdict, and the moving party is entitled to judgment as a matter of law. *Id*. Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Id*. It is not our place to try issues of fact; rather, we simply review the record for substantial evidence to support the jury's verdict. *Id*. In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. *Id*. A motion for directed verdict should be denied when there is a conflict in the evidence, or when the evidence is such that fair-minded people might reach a different conclusion. *McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007).

---

[4]The circuit court later amended its order to clarify that Jenkins's obligation to return certain information to APS was limited to that information within her possession, custody, or control.

SLIP OPINION

We must first determine whether any of Jenkins's arguments on appeal are preserved for our review. This has to do with the nature and scope of the arguments Jenkins made at trial and in her posttrial brief.

At the conclusion of APS's case, Jenkins made a motion for directed verdict, arguing that there was no evidence that the information taken even qualified as "trade secrets." She also moved for a directed verdict on the computer-fraud and trespass claims. Jenkins further moved for a directed verdict on the conversion and on the tortious-interference claims. She did not adopt any of the arguments for directed verdict made by D&A. The circuit court denied the motion. At the close of the defense case, the circuit court stated that all motions made at the close of APS's case were renewed and denied. APS then presented the rebuttal testimony of Jerry Crowder. No motions for directed verdict were made or renewed.

Although Jenkins filed her posttrial motion as one for judgment notwithstanding the verdict, she also asserted that she was entitled to a new trial under Ark. R. Civ P. 59(a)(4), (5), and (6). The distinction between a motion for new trial and a directed–verdict motion is a fine one. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (2003). Moreover, we should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. *Cornett v. Prather*, 293 Ark. 108, 111, 737 S.W.2d 159, 160–61 (1987). In *Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 573, 832 S.W.2d 224, 225 (1992), the supreme court held that a motion to vacate that stated that the judgment was void because "it is contrary to the facts, the law, public policy and is clearly contrary to the preponderance of the evidence," was really a motion for a new trial under Ark. R. Civ. P. 59(a)(6).

SLIP OPINION

In her posttrial motion, Jenkins made the arguments she now raises on appeal. In effect, Jenkins is raising legal arguments concerning whether APS's tort claims against her were preempted by the Trade Secrets Act and that punitive damages are unavailable under the Act. As such, her posttrial motion could properly be considered a motion for new trial under Ark. R. Civ P. 59(a)(6). The argument regarding excessiveness of the compensatory and punitive damages was preserved by the posttrial motion because it asserted that the "damages awarded were excessively large and were so large as to indicate that such were awarded as a result of passion or prejudice." By tracking the language of Ark. R. Civ. P. 59(a), the motion was sufficient to preserve the issue. *See Stacks v. Jones*, 323 Ark. 643, 916 S.W.2d 120 (1996). We believe that these arguments are properly preserved for our review.

Jenkins also raises issues concerning whether APS properly proved its damages, thus challenging the sufficiency of the evidence. However, a motion for new trial is not a challenge to the sufficiency of the evidence. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (2003). In order to challenge the sufficiency of the evidence, Jenkins was required to move for a directed verdict at "the close of all the evidence." *See* Ark. R. Civ. P. 50(e). Jenkins failed to do so after APS presented rebuttal testimony, resulting in a waiver of her sufficiency-of-the-evidence arguments. *Advocat, Inc. v. Sauer*, 353 Ark. 29, 111 S.W.3d 346 (2003); *Bronakowski v. Lindhurst*, 2009 Ark. App. 513, 324 S.W.3d 719.

Jenkins first argues that APS's claims are preempted by the Arkansas Trade Secrets Act, and, therefore, the circuit court erred by not granting her motion for summary judgment. Although Jenkins is correct in arguing that the Act preempts certain tort claims, *R.K. Enter., LLC v. Pro-Comp Mgmt., Inc.*, 356 Ark. 565, 571–74, 158 S.W.3d 685, 688–90 (2004), the

denial of summary judgment is not an appealable order or subject to review even after there has been a trial on the merits. *Ligon v. Davis*, 2012 Ark. 440, ___ S.W.3d ___.

As a further part of this point, Jenkins argues that the circuit court erred by denying her motion for a directed verdict on the basis that the Trade Secrets Act preempted APS's tort claims. In response, APS argues that not all of its claims are preempted because the Act specifically states that it does not affect other civil liability or relief that is not based upon misappropriation of a trade secret. Ark. Code Ann. § 4-75-601(b)(1).

In its complaint, APS asserted claims for violation of the Theft of Trade Secrets Act; computer fraud and computer trespass; breach of fiduciary duty; conversion; trespass on the case; violation of the Deceptive Trade Practices Act; tortious interference with contractual relations and business expectancies; and civil conspiracy. At the close of its case, APS nonsuited its claims for breach of fiduciary duty; trespass on the case; and violation of the Deceptive Trade Practices Act. Thus, the claims for violation of the Trade Secrets Act, violation of the computer-fraud and trespass statutes, conversion, tortious interference, and civil conspiracy were submitted to the jury.

Our supreme court has expressly held that the Trade Secrets Act preempts tort claims for conversion of trade secrets and conspiracy *because they stem from the same acts constituting a violation of the Trade Secrets Act. R.K. Enter.*, 356 Ark. at 574, 158 S.W.3d at 690 (emphasis added). Therefore, the circuit court erred in submitting those causes of action to the jury. *Id*. That does not end the inquiry, however, because, consistent with our supreme court's holding in *R.K. Enterprise*, other courts have held that claims of tortious interference are not automatically preempted where they are not based upon the misappropriation of trade

7

secrets. *E.g.*, *Alpha Sch. Bus Co., Inc. v. Wagner*, 910 N.E.2d 1134 (Ill. App. Ct. 2009); *Raven Indus., Inc. v. Lee*, 783 N.W.2d 844 (S.D. 2010); *Thola v. Henschell*, 164 P.3d 524 (Wash. Ct. App. 2007). The *Thola* court held that the plaintiff's tortious-interference claim was not preempted where the tortious-interference claim was not based on the former employee's misappropriation of a client list, but rather on the former employee's in-person solicitation of the former employer's clients to terminate their business relationship with the former employer and follow the former employee to the new business. 164 P.3d at 530. Here, it appears that the allegations contained in APS's amended complaint to support this cause of action are, in addition to the theft of the information, that Donley contacted former APS clients to solicit their business for D&A.

Also, the Act specifically states that it does not affect contractual or other civil liability that is not based upon misappropriation of a trade secret. Ark. Code Ann. § 4-75-602(b). APS asserted a claim for violation of the computer-crime statute, Ark. Code Ann. §§ 5-41-101 to -107. The computer-crime statute provides a civil cause of action for damages, including lost profits. Ark. Code Ann. § 5-41-106(a). The complaint asserts that Jenkins deleted a significant portion of confidential information from APS's computers. This action falls within the definition of computer trespass found in Ark. Code Ann. § 5-41-104(a).[5]

Because the jury's finding was rendered on a general verdict form, we have no way of knowing the particular theory on which the jury found Jenkins liable. *Bradshaw v. Alpha*

---

[5]Section 5-41-104(a) provides that "[a] person commits computer trespass if the person intentionally and without authorization accesses, alters, deletes, damages, destroys, or disrupts any computer, computer system, computer network, computer program, or data."

SLIP OPINION

*Packaging, Inc.*, 2010 Ark. App. 659, 379 S.W.3d 536. Normally, we would affirm if there is substantial evidence to support the jury's verdict. *Id*. However, Jenkins has waived her challenge to the sufficiency of the evidence. Therefore, we cannot say that the circuit court erred in denying Jenkins's posttrial motion.

For her next point, Jenkins asserts that the verdict was not supported by the evidence. Specifically, her argument is that the information misappropriated does not qualify as "trade secrets" as that term is defined in the Act. The only issue properly preserved under this point is whether Donley and Jenkins took "information" within the meaning of the Trade Secrets Act. *See Wal-Mart Stores, Inc. v. P.O. Mkt., Inc.*, 347 Ark. 651, 66 S.W.3d 620 (2002). (holding that whether something is "information" within the meaning of the Act is a legal question). Here, the information allegedly taken by Donley and Jenkins contained not only the names of customers, but valuable information regarding those customers and their policies, agent compensation plans, premium and rate structures, and details concerning APS's relationship with various insurance companies, among other things. As such, it qualifies as a "compilation" under the Act. Moreover, this is not the type of information that could be readily ascertained in another manner, such as by looking in the telephone directory. *See Jaraki v. Cardiology Assocs. of Ne Ark. P.A.*, 75 Ark. App. 198, 55 S.W.3d 799 (2001).

Jenkins's argument focuses on the application of the six factors to the definition of "trade secrets." This presents a question of fact. *Wal-Mart Stores, Inc. v. P.O. Mkt.*, *supra*. Therefore, the motion for directed verdict based on those facts falls under the renewal requirement of Ark. R. Civ. P. 50. Because Jenkins failed to properly renew the motion, it



was not preserved for appeal, and the circuit court's denial of the motion for judgment notwithstanding the verdict was not in error.

Jenkins's third point is that APS failed to adequately prove its damages. This is a challenge to the sufficiency of the evidence to support the award. As such, it is waived due to Jenkins's failure to renew her motion for directed verdict at the close of all of the evidence. *Advocat, supra*; *Bronakowski, supra*.

Jenkins next challenges the award of punitive damages. Punitive damages are not recoverable under the Trade Secrets Act. *See Brown v. Ruallam Enters., Inc.*, 73 Ark. App. 296, 44 S.W.3d 740 (2001). They can, however, be recovered in cases of tortious interference with contractual relationships. *Allstate Ins. Co. v. Dodson*, 2011 Ark. 19, 376 S.W.3d 414. Jenkins waived her challenge to the sufficiency of the evidence to support punitive damages by failing to properly renew her motion for directed verdict. Because there was a basis for imposition of punitive damages other that the misappropriation of the information, we cannot say that the circuit court erred.

For her final point, Jenkins argues that the verdicts were excessive. As indicated earlier, this point is preserved for our review. However, the argument is not sufficiently developed in that it contains no analysis or discussion. Rather, Jenkins's entire argument on this point is one sentence in which she asserts that the compensatory and punitive damages were the result of passion and prejudice and cites *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239, for support of her argument. It is well settled that we will not make a party's argument for them or consider an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008).



Affirmed.

PITTMAN and WHITEAKER, JJ., agree.

*Scholl Law Firm, PLLC*, by: *Scott A. Scholl*, for appellant.

*Hopkins Law Firm, A Professional Association*, by: *Ryan J. Caststeel*, for appellee.