

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–309

| | |
|---|---|
| | **Opinion Delivered** June 18, 2014 |
| TIM CLARK and SARAH CLARK<br>APPELLANTS | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SEVENTEENTH DIVISION |
| V. | [NO. 60CV2012-471] |
| | HONORABLE MACKIE M. PIERCE,<br>JUDGE |
| SOUTHERN FARM BUREAU<br>CASUALTY INSURANCE COMPANY<br>APPELLEE | APPEAL DISMISSED WITHOUT<br>PREJUDICE; APPELLEE'S MOTIONS<br>DENIED |

**ROBIN F. WYNNE, Judge**

Tim and Sarah Clark appeal from a summary judgment in favor of their auto insurer, appellee Southern Farm Bureau Casualty Insurance Company (Farm Bureau). We dismiss for lack of a final order.

The Clarks were injured in a Missouri automobile accident in October 2010. The other driver, Carla Zender, was at fault. In November 2011, Tim Clark settled with Zender for her policy limits of $100,000. Sarah Clark later settled with Zender for $37,500. The Clarks released Zender and her insurance company from further liability.

Shortly thereafter, the Clarks sought underinsured motorist (UIM) coverage from Farm Bureau for Tim's injuries and Sarah's loss of consortium. Farm Bureau filed suit, seeking a declaration that it did not owe UIM coverage to the Clarks because the Clarks failed to

provide prior notice of their settlement with Zender. The Clarks denied the necessity for notice, denied that Farm Bureau was prejudiced, and pled, among other affirmative defenses, lack of jurisdiction and improper venue. The Clarks also counterclaimed against Farm Bureau for bad faith, vexatious refusal (apparently the equivalent of bad faith under Missouri law), and negligence.

Farm Bureau moved for summary judgment, and the court granted the motion, ruling that the Clarks had forfeited UIM coverage by failing to comply with their policy's notice-of-settlement provisions. The court also made the following ruling with regard to the Clarks' affirmative defenses and counterclaim:

> The court, from the bench, during the hearing, ruled in favor of Farm Bureau and granted Summary Judgment on the issues of jurisdiction, venue, bad faith, and the issue of vexatious refusal. Based on these rulings the court hereby enters summary judgment in favor of Farm Bureau on the issue[s] of jurisdiction, venue, bad faith and [the] issue of vexatious refusal.

The finality problem arises because the court's order did not adjudicate or dismiss the Clarks' claim for negligence.

In the absence of a certificate allowing an immediate appeal—which we do not have here—an order that fails to adjudicate all counts in a multicount pleading is not a final order. *See* Ark. R. Civ. P. 54(b) (2013); *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483 (per curiam). The record before us contains no order adjudicating the Clarks' negligence claim. The claim therefore remains pending, and we lack jurisdiction to hear the



appeal. *Forever Green, supra.*[1]

We note that part of the court's order entered summary judgment "as to the claims of the [Clarks]." However, under our holding in *Strack v. Capital Services Group, Inc.*, 87 Ark. App. 202, 189 S.W.3d 484 (2004), such general language does not always effect a complete dismissal. In *Strack*, the trial court adjudicated one count of Strack's counterclaim but did not expressly address the other counts. We dismissed the appeal for lack of finality even though the court's order stated that Strack held "no further valid claims" against the counter-defendant. Similarly, in the present case, the court dismissed some distinct claims pled by the Clarks but did not mention the negligence claim. Thus, in accordance with *Strack*, we must dismiss the Clarks' appeal for lack of finality. Our dismissal is without prejudice to refile at a later date.[2]

Also pending before us are two motions by Farm Bureau to dismiss the Clarks' appeal. The first motion contends that the Clarks' notice of appeal is defective because it contains no statement of points, as required when an abbreviated record is ordered. *See* Ark. R. App. P.–Civ. 3(g) (2013). Given our dismissal for want of a final order, the content of the Clarks' current notice of appeal is of no consequence. Any subsequent appeal filed by the Clarks after

---

[1]The Clarks' notice of appeal contained no statement that they abandoned any pending but unresolved claim. *See* Ark. R. App. P.–Civ. 3(e)(vi) (2013).

[2]A second finality concern arises from the lack of a file mark on the court's summary-judgment order. The file mark was apparently placed on the attorney's transmittal letter that forwarded the unsigned order to the circuit judge. We caution litigants and court personnel that a judgment, decree, or order is "entered" when it is stamped or marked by the clerk. Ark. Sup. Ct. Admin. Order No. 2(b)(2) (2013). This requires that a file mark or stamp be placed on the order itself.

entry of a final order will require a new notice of appeal. We therefore deny this motion as moot.

Farm Bureau's second motion relies on Sarah Clark's representations in bankruptcy, which she filed in 2013 after she and Tim had divorced. Sarah's bankruptcy filings stated that the present suit against Farm Bureau had been awarded to Tim in the divorce. She did not list the claim against Farm Bureau as an asset or an exemption. Farm Bureau cites these representations as grounds for dismissing the appeal, urging that the appeal should be brought by Sarah's bankruptcy estate rather than Sarah herself. Because the motion may require an exploration of the merits for which we lack jurisdiction at this time, we deny the motion. However, our denial is without prejudice to refile in the event the Clarks pursue another appeal.

Farm Bureau also moves for dismissal based on the lack of a signature on the jurisdictional statement in the Clarks' brief. We deny this part of the motion as moot.

Appeal dismissed without prejudice; Farm Bureau's first motion to dismiss denied as moot; Farm Bureau's second motion to dismiss denied in part without prejudice and denied in part as moot.

WALMSLEY and HARRISON, JJ., agree.

*Bequette & Billingsley, P.A.*, by: *George J. Bequette, Jr.*; and *Strong-Garner-Bauer, P.C.*, by: *Steve Garner*, for appellants.

*David A. Hodges*, for appellee.