

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–598

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF SCHERRIE MACKLEY, A MINOR, and BECKY FOSTER, GUARDIAN; IN THE MATTER OF THE GUARDIANSHIP OF CHEYENNE ENGLISH, A MINOR, and EDDIE ENGLISH, GUARDIAN<br><br>APPELLANTS<br><br>V.<br><br>CIRCUIT COURT OF CRAWFORD COUNTY<br><br>APPELLEE | **Opinion Delivered** February 25, 2015<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17PR–2003–172; 17PR–2003–171]<br><br>HONORABLE GARY R. COTTRELL, JUDGE<br><br>APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

In this consolidated appeal, appellants Scherrie Mackley and Cheyenne English challenge separate orders from the Crawford County Circuit Court denying their petitions to terminate guardianships that had been created when they were children. On appeal, Mackley and English both argue that their guardianships were created solely because of their minority and that, because their incapacity had been removed, their guardianships should have been terminated as a matter of law. We are unable to reach this argument for the reasons set out below, however, and we must dismiss the appeal.

SLIP OPINION

Cite as 2015 Ark. App. 128

I. *Procedural Background*

Both Mackley and English were seriously injured in an accident when they were minors. As a result of their injuries, they each received settlements of $100,000. Because they were minors at the time, the circuit court entered orders appointing guardians for each girl; the girls' only incapacity was their age. In both cases, the guardians were directed to deposit the entirety of the settlement funds into a bank account and agreed not to permit any withdrawals from those deposits except on authority of a circuit court order.

After Mackley and English each reached the age of eighteen, they filed joint petitions with their respective guardians for termination of the guardianships and release of the money. Both wards argued that, because they had reached the age of majority, the guardianships should be terminated by operation of law pursuant to Arkansas Code Annotated section 28-65-401 (Supp. 2013). Mackley and English filed separate motions for summary judgment on the issue as well. The circuit court denied both requests for termination: in Mackley's case, the court entered an order denying her motion for summary judgment; in English's case, the court entered an order denying her petition to terminate.

II. *Mackley's Appeal*

As just noted, Mackley's petition for termination of guardianship was concluded by the circuit court's denial of her motion for summary judgment in an order that read as follows:

> On this 23rd day of April, 2014, this matter comes before the Court, the Court being well and sufficiently advised does find as follows:

SLIP OPINION

1. That this Court denies the Motion for Summary Judgment filed in this matter on April 7, 2014.

It is so ordered.

Under Arkansas Rule of Appellate Procedure–3(e), a notice of appeal must designate the order, judgment, or decree from which the appeal is taken. Mackley's notice of appeal specifically states that she is appealing the "order denying a motion for summary judgment." With certain exceptions not applicable here, however, the denial of summary judgment is generally not an appealable order. *Banning v. LNV Corp.*, 2014 Ark. App. 207; *Jenkins v. APS Ins., LLC*, 2013 Ark. App. 746, 431 S.W.3d 356; *see also Courtney v. Ward*, 2012 Ark. App. 148, at 9, 391 S.W.3d 686, 692 ("The denial of a motion for summary judgment is an interlocutory order and is not appealable."). Although such an order may be appealable when combined with a dismissal on the merits, *see Splawn v. Wade*, 2014 Ark. App. 151, here, there is clearly no dispositive language regarding the merits of Mackley's petition. Because Mackley has attempted to appeal from an unappealable order, we must dismiss her appeal.

III. *English's Appeal*

We must dismiss English's appeal as well. In this case, the circuit court entered its order denying English's joint petition to terminate guardianship on January 26, 2014. The record reflects that neither a notice of appeal nor any time-extending posttrial motion was filed within thirty days of this order. The court then entered an amended order on March 14, 2014. English filed a notice of appeal on April 14, 2014, purporting to appeal from "an

SLIP OPINION

order issued by this court denying the termination of guardianship, entered in this case on December 1, 2013[1] and a sua sponte order entered on March 14, 2014."

A timely notice of appeal is essential to this court obtaining jurisdiction. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Jefferson v. Ark. Dep't of Human Servs.*, 356 Ark. 647, 158 S.W.3d 129 (2004). Arkansas Rule of Appellate Procedure–Civil 4 states that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Ark. R. App. P.–Civ. 4(a) (2013). The timely filing of certain specific motions may extend the time for filing a notice of appeal. Ark. R. App. P.–Civ. 4(b). The only motions that will extend the time are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings pursuant to Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of the judgment. Ark. R. App. P.–Civ. 4(b); *Reeve v. Carroll Cnty.*, 373 Ark. 584, 285 S.W.3d 242 (2008).

The January 26, 2014 order denying English's petition to terminate the guardianship was a final, appealable order. *See Graham v. Metheny*, 2009 Ark. 481, 346 S.W.3d 273. No

---

[1]The body of the order stated that, "Now on this 1st day of December, 2013, comes on for consideration the joint petition to terminate guardianship and release funds." The file-stamp on the order, however, states that it was filed on January 26, 2014. An order is not entered until it is file-stamped by the clerk. *See* Ark. Sup. Ct. Admin. Order No. 2(b)(2); *Clark v. So. Farm Bur. Cas. Ins. Co.*, 2014 Ark. App. 391.

4

timely appeal was taken from this order, nor were any appropriate posttrial motions filed that would have either extended the time for filing the notice of appeal or necessitated the circuit court's entry of an amended order a month and a half later.[2] Because English failed to file a timely notice of appeal from the court's final, appealable order, we lack jurisdiction to consider her appeal.

Appeal dismissed.

HARRISON and VAUGHT, JJ., agree.

*Medlock, Gramlich & Sexton*, by: *M. Jered Medlock*, for appellants.

No response.

---

[2]Even if English had filed a time-extending posttrial motion, such a motion would have had to have been filed within ten days of the January 26 order, or by February 7, 2014. (Although the tenth calendar day following January 26, 2014, was February 5, when a period of time prescribed by court rule is less than fourteen days, intermediate Saturdays, Sundays, or legal holidays are excluded from the computation. *See* Ark. R. Civ. P. 6(a).) Any such hypothetical motion would have been deemed denied thirty days later (or by March 10, 2014) in the absence of action by the circuit court, *see* Ark. R. App. P.–Civ. 4(b)(1), at which point the circuit court would have lost jurisdiction to act. *See Allen v. Allen*, 2013 Ark. App. 292.