

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-949

| | | |
|---|---|---|
| | | Opinion Delivered: APRIL 27, 2016 |
| JAMES R. GOODWIN | | APPEAL FROM THE UNION |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. DR-12-345] |
| V. | | |
| | | HONORABLE EDWIN KEATON, |
| | | JUDGE |
| ELIZABETH GOODWIN | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant James R. Goodwin appeals the order entered by the Union County Circuit Court on August 5, 2015, that awarded his ex-wife, appellee Elizabeth Goodwin, $42,169.23 as her half of appellant's lump-sum retirement payment disbursed after the parties' divorce. Appellant contends that the trial court clearly erred because this portion of his retirement accrued prior to the marriage and was nonmarital. Appellee contends that the trial court properly enforced the agreed and approved terms of the parties' December 2012 divorce decree. We affirm.

On appeal from domestic-relations proceedings, our review is de novo, but we do not reverse a trial court's decision unless it is clearly erroneous. *Abbott v. Abbott*, 79 Ark. App. 413, 90 S.W.3d 10 (2002). A trial court has the power to correct a decree to accurately reflect its original ruling or to interpret its prior decision. *Id.* Once a settlement agreement is approved by the trial court regarding property division in a divorce case and incorporated

SLIP OPINION

into a decree, this becomes a binding and nonmodifiable contract between the parties, absent fraud in the inducement or agreement of the parties. *Artman v. Hoy*, 370 Ark. 173, 257 S.W.3d 864 (2007); *Anding v. Anders*, 249 Ark. 413, 459 S.W.2d 416 (1970). As a general rule, judgments are construed like any other instrument; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. *Abbott*, *supra*; *Fox v. Fox*, 68 Ark. App. 281, 7 S.W.3d 339 (1999).

The facts of this case are straightforward. The parties married in August 2000, and their divorce was finalized by a decree filed on December 19, 2012. The parties appeared before the trial court on December 5, 2012, to recite their agreed terms into the record and to gain approval from the trial court. The written decree provided in pertinent part:

10. The parties hereto each have retirement accounts with their current employer and [appellee] has a retirement account with her former employer, El Dorado School District. The parties' [sic] are awarded one-half (1/2) of each others [sic] retirement accounts to be divided by Qualified Domestic Relations Order as of the date of the hearing on the 5th day of December, 2012.

Appellant's attorney and appellee's attorney agreed and consented to the written decree on behalf of their clients, evidenced by their signatures on the decree. The decree was signed by the trial court judge and filed of record.

On March 1, 2014, appellant withdrew a lump-sum payout of his retirement attributable to the benefits that had accrued prior to the marriage. Appellee filed a motion for contempt on June 17, 2014, asserting that appellant had begun to draw his retirement from the Arkansas Local Police and Fire Retirement System (hereinafter "LOPFI") without

notifying appellee or remitting appellee her one-half portion of it.[1]  A Qualified Domestic Relations Order was filed of record on June 18, 2014, which recited that any lump-sum withdrawal of appellant's LOPFI was to be divided in half for "the period of time of the marriage," defined as August 12, 2000, to December 19, 2012.

On June 2, 2015, appellant filed a motion to amend the divorce decree nunc pro tunc, stating that the parties intended that only the marital portion of each party's retirement was to be divided equally, not the entirety of each party's retirement benefits.  One attachment to appellant's motion was an excerpt from the transcript from the 2012 divorce hearing wherein appellant's attorney stated on the record his understanding that "the retirement accounts, by each party are marital," to which appellee's attorney said, "Correct." Appellee countered that a nunc pro tunc order should not be entered because the 2012 decree spoke for itself and accurately represented the agreement of the parties.

The trial court conducted a hearing on July 8, 2015.  Appellant's attorney asserted that the trial court could not divide nonmarital property absent an explanation that would satisfy the applicable divorce statute, which did not happen at the time of the divorce.  At the outset of the hearing, the trial judge noted that the decree was the result of a negotiated settlement, not a decision based on findings of the trial court.

The transcript reflecting the recitation of the agreement into the record on December 5, 2012, was entered into evidence.  In it, appellee was asked to testify as to the terms of

---

[1] Appellant had filed a petition for a change of custody and for a citation of contempt against appellee in May 2014, and appellee's countermotion for contempt regarding the retirement benefits was filed within her response to appellant's petition.  The trial court's later denial of appellant's petition is not advanced as an issue on appeal.

the agreement, and appellant's attorney was asked to correct any misstatements. Regarding appellant's LOPFI retirement and appellee's 401K retirement account, appellee's attorney queried appellee: "He's gonna get half of yours and you're gonna get half of his?" Appellee responded, "That's correct." At the conclusion of the recited agreement, appellant's attorney wanted to "clarify a few things," and in particular "the retirement accounts, by each party are marital, it will be divided as of today's date." Appellee's attorney then replied, "Correct." The divorce decree reflected this understanding in paragraph ten of the decree.

Also at the hearing, appellee's attorney offered letters between the attorneys on December 3 and 4, 2012, as further proof of the parties' intent to divide the entirety of each other's retirement accounts. Over appellant's attorney's objection, this evidence was permitted. Appellee's attorney's letter proposed that appellant's LOPFI retirement be divided by qualified domestic relations order, "giving [appellee] half the value of that at the time of the divorce." Appellant's attorney responded by letter, stating that as to this proposal, "My client agrees." The trial judge referenced those letters as supportive of his determination that the parties agreed to divide the entirety of their retirement accounts as of the date of the divorce, which agreement the trial court adopted. The trial court orally denied appellant's motion to amend the divorce decree nunc pro tunc.

On August 5, 2015, the trial court issued the order on appeal, stating in relevant part that the divorce decree provided that each party would be entitled to one-half of the other party's retirement accounts; that appellant first drew his retirement in a lump-sum payment in March 2014; that the LOPFI determined that appellee was not entitled to a lump-sum

payment; and that appellee was entitled to her half of the lump-sum payment in the amount of $42,169.23. This timely appeal followed.

Appellant argues that the trial court erred because it lacked the authority to divide appellant's premarital portion of his retirement absent a written explanation for such a distribution to his ex-wife that was in compliance with Arkansas Code Annotated section 9-12-315. Pursuant to subsection (a)(2) of that statute, trial courts must provide written reasons for not returning premarital property to the person who owned it at the time of the marriage. This statute does not apply in this proceeding because the parties' retirement accounts were agreed to be "marital" and evenly divisible; the 2012 settlement agreement equated to a stipulation of fact between the parties. Appellant entered into a binding contractual agreement that was approved by the trial court in the divorce decree. That he determined years later that this agreement appeared to be improvident to him is no ground for relief. *Helms v. Helms*, 96 Ark. App. 109, 239 S.W.3d 1 (2006). A trial court is vested with discretion to interpret and enforce its decree entered pursuant to a settlement agreement. *York v. York*, 2010 Ark. App. 343, 374 S.W.3d 827; *Abbott*, *supra*. The trial court did not clearly err in interpreting this divorce decree in line with the parties' intent at the time of the agreement, nor did the trial court err in enforcing this agreed decree.

Affirmed.

GLADWIN, C.J., and VAUGHT, J., agree.

*F. Mattison Thomas III*, for appellant.

*Ronald L. Griggs*, for appellee.

SLIP OPINION